**UNITED STATES of America,**
**Plaintiff,**

v.

**MICROTEK INTERNATIONAL DEVELOPMENT SYSTEMS DIVISION, INC., Joe–Pin Ouyang, and Hamad Janversan, Defendants.**

**Criminal No. 99–298–KI.**

United States District Court,
D. Oregon.

Nov. 17, 1999.

Kristine Olson, U.S. Attorney, Charles F. Gorder, Jr., Assistant U.S. Attorney, Portland, OR, for U.S.

Per A. Ramfjord, Stoel Rives LLP, Portland, OR, Robert E. Sims, George B. Newhouse, McCutchen, Doyle, Brown & Enersen, LLP, Los Angeles, CA, for Defendant Microtek Intern. Development Systems Div., Inc.

Bryan D. Daly, Charles L. Kreindler, Beck, Decorso, Daly, Barrera & Kreindler, Los Angeles, CA, for Defendant Joe–Pin Ouyang.

Susan Elizabeth Reese, Portland, OR, for Defendant Hamid Janversan.

## OPINION AND ORDER

KING, District Judge.

On October 7, 1999, I filed an opinion concerning defendants Microtek and Ouyang's motion to compel discovery. Before the court is the government's motion for reconsideration or clarification of discovery order (# 69).

## DISCUSSION

In their earlier discovery motion, defendants sought all documents, including "responses to queries or 'opinion letters,' advice or recommendations by U.S. Department of Commerce in response to questions from members of the public regarding the legality of certain re-exports or transshipment of goods." During oral argument, I asked for the government's position on the request. The prosecutor stated that the government had an obligation to look for *Brady* material, that he had fulfilled the obligation, and that he was not aware of any materials beyond what he had already produced. I misunderstood the prosecutor's statement to mean that the Department's files had actually been searched for all documents producible under Fed.R.Crim.P. 16. Based on my understanding, I ordered the government to produce the documents and stated that it had already complied.

The government filed this motion to explain that it had not searched the files because it did not consider the Department's response to public inquiries to be *Brady* material or otherwise material to the case. Therefore, I will reexamine the issue.

Rule 16(a)(1)(C) requires the government to produce documents within its possession, custody or control which are material to the preparation of the defense. The responses to public inquiries are within the control of the government because the Department of Commerce was involved in the investigation of this case. *United States v.*

*Santiago*, 46 F.3d 885, 893 (9th Cir.), *cert. denied*, 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995). The issue is the materiality of the documents to the preparation of the defense.

██ Defendants contend that regulations regarding re-exports and transshipments are "arcane and convoluted" and that evidence of similar inquiries from the public is important to their defense that they did not violate the law knowingly and willfully. I agree with the government that confusion in the minds of members of the general public does not shed light on defendants' knowledge and, thus, is not material to the preparation of the defense. The government has the burden of proof that defendants had the requisite knowledge to violate the law. I will not order the production of all the documents sought by defendants. The government offered to search for documents concerning license applications and requests for advisory opinions made by Microtek to the Bureau of Export Administration between the time of the imposition of the Iranian Embargo in May 1995 and October 1997, when the events in this case took place. I consider those documents relevant to defendants' knowledge, and thus material to the preparation of the defense, and order the production of the limited list.

## CONCLUSION

The government's motion for reconsideration or clarification of discovery order (# 69) is GRANTED to the extent stated above.

IT IS SO ORDERED.